IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
                                  :
JAMES A. FROST
                                  :

        v.                        :   Civil Action No. DKC 13-2107

                                  :
DOUGLAS F. GANSLER, et al.
                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in is the motion to dismiss filed by Defendant Douglas F. Gansler.  (ECF No. 19).[1] Also pending is the motion for partial summary judgment filed by Plaintiff James A. Frost.  (ECF No. 33).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Defendant's motion will be granted and Plaintiff's motion will be denied.

## I.  Background

The following facts are set forth in the amended complaint. On August 26, 2008, a hearing was held pursuant to Md. Code Ann., Health-Gen. § 10-632, to determine whether Plaintiff should be admitted involuntarily to a medical facility.  The Administrative Law Judge presiding over the hearing decided to

---

[1] Plaintiff's original complaint also named as Defendants H. Scott Curtis, Thomas E. Dewberry, and Wayne A. Brooks.  On September 23, 2013, Plaintiff voluntarily dismissed these Defendants.  (ECF No. 24).

approve commitment and completed an Office of Administrative Hearings ("OAH") Form 1053 to that effect.

In the fall of 2009, Plaintiff applied to the OAH to inspect the August 26, 2008 case file pursuant to the Maryland Public Information Act, Md. Code Ann., State Gov't § 10-611 ("PIA"). OAH responded that it did not have the case file.

On July 23, 2010, Plaintiff filed a lawsuit in the Circuit Court for Baltimore County concerning OAH's denial. Defendant Attorney General Gansler is one of the attorneys of record for the state in that litigation. The state asked OAH for a copy of Plaintiff's Form 1053. OAH provided a copy, which Plaintiff alleges violates PIA Section 10-617(b), the prohibition on disseminating public records containing an individual's medical information. On September 23, 2010, the state filed a motion to dismiss and attached a copy of Plaintiff's Form 1053 as an exhibit.[2]

On August 7, 2013, Plaintiff, proceeding *pro se*, filed an amended complaint in this court, asserting two claims. First, he claims that Defendant's action violates Md. Code Ann., State Gov't § 10-626, which makes a person who willfully and knowingly permits inspection or use of a public record in violation of the PIA liable to the individual for actual damages. Second, he

---

[2] As of the date of Plaintiff's amended complaint, the case was still open. No updates have been provided.

2

claims that Defendant's action constitutes the common law tort of invading Plaintiff's privacy through unreasonable publicity about an individual's private life.[3]    Plaintiff alleges that Defendant took these actions because he harbors personal animus toward Plaintiff because of Plaintiff's work campaigning against Defendant and in support of Defendant's competitor in the 2006 Democratic primary for State Attorney General that Defendant won.   Defendant's actions have severely and irreparably damaged Plaintiff's standing in the community and legal profession and, because the actions were done with actual malice, Defendant is liable for punitive damages.    Plaintiff demands compensatory damages in the amount of $250,000 and punitive damages in the amount of $10,000,000.[4]   On September 12, 2013, Defendant filed a motion to dismiss for failure to state a claim.   (ECF No. 19). In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the clerk of court mailed a letter to Plaintiff on the same day, notifying him that a dispositive motion had been filed

---

[3] On September 23, 2013, Plaintiff moved to change this count from "invading the plaintiff's privacy by placing him in a false light before the public," to the present formulation. (ECF No. 26).  Defendant consented to this change.  Plaintiff's motion will be granted and the amended complaint will be so amended.

[4] Plaintiff cites diversity of citizenship for this court's jurisdiction.   28 U.S.C. § 1332.   At the time of filing, Plaintiff provided an address in Washington, D.C.   He has since indicated that he resides in West Virginia.   Defendant is a resident of Maryland.   The amount in controversy far exceeds $75,000.

and that he was entitled to file opposition material or risk entry of judgment against him. (ECF No. 20). Plaintiff opposed on September 24, 2013 (ECF No. 27), and Defendant replied on October 8, 2013 (ECF No. 32).

## II.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134

(4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nevertheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Turner v. Kight,* 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd*, 121 F.App'x. 9 (4th Cir. 2005).

## III. Analysis

Defendant makes three arguments in support of his motion to dismiss: (1) he is immune from suit and liability under the Maryland Tort Claims Act ("MTCA"); (2) he is entitled to absolute immunity from suit for statements made in the course of judicial proceedings; and (3) Plaintiff has failed to state a claim. It will only be necessary to address the first argument.

Attorney General Gansler contends that he is entitled to statutory immunity because his alleged actions were within the scope of his employment and were not alleged to have been done

5

with malice.   The MTCA is codified in several sections of the Maryland Code.   Section 12-104 of the State Government Article, titled "Waiver of Immunity," provides as follows:

> (a) *In general.* –
>
>> (1) Subject to the exclusions and limitations in this subtitle and notwithstanding any other provision of law, the immunity of the State and of its units is waived as to a tort action, in a court of the State, to the extent provided under paragraph (2) of this subsection.
>>
>> (2) The liability of the State and its units may not exceed $200,000 to a single claimant for injuries arising from a single incident or occurrence.
>
> (b) *Exclusions and limitations.* – Immunity is not waived under this section as described under § 5-522(a) of the Courts and Judicial Proceedings Article.

Md. Code Ann., State Gov't § 12-104(a)-(b).   Section 5-522 of the Courts and Judicial Proceedings Article states, in relevant part, that:

> (a) *Tort liability – Exclusions from waiver under § 12-104 of the State Government Article.* – Immunity of the State is not waived under § 12-104 of the State Government Article for:
>
> . . .
>
>> (4) Any tortious act or omission of State personnel that:

> > (i) Is not within the scope of the
> > public duties of the State
> > personnel; or
>
> > (ii) Is made with malice or gross
> > negligence;
>
> . . .
>
> (b) *In general.* – State personnel, as
> defined in § 12-101 of the State Government
> Article, are immune from suit in courts of
> the State and from liability in tort for a
> tortious act or omission that is within the
> scope of the public duties of the State
> personnel and is made without malice or
> gross negligence, and for which the State or
> its units have waived immunity under Title
> 12, Subtitle 1 of the State Government
> Article, even if the damages exceed the
> limits of that waiver.

Md. Code Ann., Courts & Jud. Proc. § 5-522(a)-(b).  The Court of
Appeals of Maryland has observed that, when read in tandem,
these provisions establish that the tort "liability of the State
and [the tort] liability of individual State personnel are
mutually exclusive.  If the State is liable, the individual is
immune; if the individual is liable, the State is immune."
*Newell v. Runnels*, 407 Md. 578, 635 (2009).  Where a complaint
sufficiently alleges either that an individual State employee
was acting with malice or gross negligence, or that he was
acting outside the scope of his public duties, dismissal based

7

on statutory immunity grounds is not warranted.  *See Barbre v. Pope*, 402 Md. 157, 181-82 (2007).[5]

The Maryland Court of Appeals has held that the phrase "scope of the public duties," as used in the MTCA, is "synonymous" with the "scope of employment" analysis used for common law *respondeat superior* liability.  *Sawyer v. Humphries*, 322 Md. 247, 254 (1991).  Pursuant to that general test, the standard is whether the employee's allegedly tortious acts "were in furtherance of the employer's business" and "were authorized by the employer."  *Id.* at 255 (internal quotation marks omitted).  Although "there are few, if any, absolutes" in the scope of employment analysis, relevant factors include whether the "employee's actions are personal"; whether they "represent a departure from the purpose of furthering the employer's business"; and whether "the employee is acting to protect his own interests."  *Id.; see also LePore v. Gulf Oil Corp.*, 237 Md. 591, 596-98 (1965).

Plaintiff alleges that Defendant filed Form 1053 as part of the state's motion to dismiss Plaintiff's state court challenge to OAH's denial of his records request.  (ECF No. 6 ¶ 53).  In

---

[5] Section 10-626 of the PIA specifically includes within the scope of liability actions taken by individuals, "including an officer or employee of a governmental unit."  The MTCA acts as a limitation on this civil action, attaching potential liability only where the state employee's allegedly violative acts are shown not to be in furtherance of the employer's business or taken with actual malice.

his opposition, Plaintiff argues that Defendant had an ethical duty to advise OAH officials to comply with the requirements of the PIA and not do anything he knew or should have known was illegal or criminal. But even assuming that the actions violated the PIA, "[a]n employee, otherwise acting in the scope of his or her employment, does not lose that status because the employee's tortious act violated a motor vehicle statute or any other statute." *Larsen v. Chinwuba*, 377 Md. 92, 109 (2003). Defendant's filing was incident to his performance of his duties as attorney-of-record for the OAH in its litigation with Plaintiff. Plaintiff has not pled facts sufficient to raise an inference that Defendant was acting outside the scope of his employment.

For purposes of the MTCA, "malice" refers to "actual malice," defined as "conduct 'characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud.'" *Lee v. Cline*, 384 Md. 245, 268 (2004) (quoting *Shoemaker v. Smith*, 353 Md. 143, 163 (1999)); *see also Thacker v. City of Hyattsville,* 135 Md.App. 268, 300 (2000) (actual malice can be established by proving that an employee "intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff"). The Maryland Court of Appeals has observed that

malice is an "amorphous concept[]" that has "been used in many different contexts." *Newell*, 407 Md. at 636 (internal quotation marks omitted).  Malice need not be proven by direct evidence as it is "seldom admitted" and most commonly "inferred from acts and circumstantial evidence." *Id.* at 637.

At the motion to dismiss stage, "the mere assertion that an act 'was done maliciously, or without just cause, or illegally, . . . or for improper motive' is not sufficient." *Manders v. Brown*, 101 Md.App. 191, 216 (1994) (quoting *Elliott v. Kupferman*, 58 Md.App. 510, 526 (1984)).  Rather, to defeat immunity, "the plaintiff must allege with some clarity and precision those facts which make the act malicious."  *Id.* (internal quotation marks omitted); *cf. Ostrzenski v. Seigel*, 3 F.Supp.2d 648, 653 (D.Md. 1998) ("It *is* enough . . . to allege that a defendant harbored hostility towards the plaintiff *and* caused the plaintiff harm.") (emphases added).

Plaintiff's Amended Complaint conclusorily alleges that Defendant has a "marked personal animus" toward him, and the acts were taken with "actual malice."  (ECF No. 6 ¶¶ 62, 64). Such meager allegations are plainly insufficient.  Attached to his original complaint, however, is a letter written to Maryland State Treasurer Nancy K. Kopp, where he outlines his view that these acts were taken out of spite because of Plaintiff's efforts to get Defendant's rival chosen as the Democratic

nominee for State Attorney General instead of Defendant.  Even
if viewed as part of the complaint, these additional allegations
remain insufficient.

One theme from the case law is that actual malice can be
inferred from factual allegations or evidence indicating that
the defendant was motivated by personal animosity toward the
plaintiff or by a specific desire to harm the plaintiff.  For
example, in *Newell v. Runnels*, 407 Md. 578 (2009), several
former employees of the State's Attorney's Office sued the newly
elected State's Attorney for terminating their employment
shortly after he took office.  With respect to whether the
State's Attorney was entitled to immunity under the MTCA, the
court held that a trier of fact could conclude that the State's
Attorney acted maliciously because the evidence "permits the
drawing of a permissible inference that Newell's dismissal of
Plaintiffs was a targeted act of retribution" for campaigning on
behalf of another candidate for the State's Attorney position.
*Id.* at 638.  Of particular relevance, the plaintiffs had
produced evidence showing that the defendant "was agitated by
their support" for his rival during the election season and that
the defendant had made conflicting statements about whether
their terminations were performance-based.  *Id.*

Similarly, in *Ostrzenski v. Seigel*, 3 F.Supp.2d at 650, a
gynecological surgeon brought suit against another physician who

issued a negative report about the plaintiff as part of a peer review process initiated by the Maryland Board of Physician Quality Assurance.  The complaint alleged that the defendant was motivated to write a negative review because the plaintiff had agreed to testify in a patient's malpractice action against the defendant.  *Id.* at 652-53.  The complaint also asserted that the defendant harbored anti-Polish and anti-Catholic animus toward the plaintiff, as evidenced by his comments about a picture of the plaintiff with the Pope.  Finally, the complaint asserted that the defendant had an economic incentive to issue an unflattering review because the plaintiff posed a competitive threat to all physicians who were not trained in certain specialized techniques.  Based on these factual assertions, the court concluded that the complaint sufficiently alleged malice, "albeit only barely so," such that  dismissal was not required based on a Maryland statute immunizing members of the Board from civil liability.  *Id.* at 653.

While Plaintiff alleges that Defendant harbors personal animus toward him, his allegations do not rise to the level of plausibility found sufficient in *Newell* and *Ostrzenski*. Plaintiff's letter merely alleges that he worked to get Defendant's rival elected and that Defendant, as the attorney-of-record, filed this document as part of his defense in the litigation.  As it stands, it is too much of a leap to connect

Plaintiff's actions to Defendant's actions such that Defendant harbored personal animus against Plaintiff.  Consequently, Plaintiff has not alleged that Defendant acted with actual malice and his claims are barred by the MTCA.  It is not necessary to reach the remainder of Defendant's arguments.  In addition, because Defendant is immune under the MTCA, Plaintiff's motion for summary judgment will be denied.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted and Plaintiff's motion for partial summary judgment will be denied.  A separate order will follow.

/s/

DEBORAH K. CHASANOW
United States District Judge